CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
07/12/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| FAULCONER CONSTRUCTION COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FORTILINE, INC., d/b/a FORTILINE WATERWORKS, | ) ) ) ) |
| SERVE:<br>   Capitol Corporate Services, Inc.,<br>   Registered Agent<br>   2 Office Park Court<br>   Suite 103<br>   Columbia, South Carolina 29223 | ) ) ) ) ) ) ) ) |
| Defendant. | ) |

CASE NO.: 3:19-cv-00040

## COMPLAINT

Plaintiff, Faulconer Construction Company, Inc. ("Faulconer"), by counsel, hereby files its Complaint against Defendant Fortiline, Inc., d/b/a Fortiline Waterworks ("Fortiline"), and states as follows:

### PARTIES

1. Faulconer is a Virginia corporation having its principal place of business in Charlottesville, Virginia. Faulconer is a sitework subcontractor specializing in earthwork, grading, storm drainage and other sitework. Faulconer is and was, at all times relevant herein, registered to conduct business in the Commonwealth of Virginia.

2. Fortiline is a South Carolina corporation, having its principal place of business in Concord, North Carolina. Upon information and belief, Fortiline is the second-largest wholesale distributor of underground water, sewer, and storm utility products in the United States. Upon

information and belief, Fortiline is and was, at all times relevant herein, registered to conduct business in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to the Court's personal jurisdiction in this judicial district with respect to this action.

## FACTS

5. On or about March 15, 2017, Faulconer entered into a contract with the Moses H. Cone Memorial Hospital Operating Corporation ("Owner") whereby Faulconer, as general contractor, would construct improvements at the existing Moses Cone Hospital in Greensboro, North Carolina, including site work for the construction of a six-tower addition to the hospital (the "Project").

6. On or about July 14, 2017, and in connection with Faulconer's work for the Project, Faulconer and Fortiline entered into a contract whereby Fortiline would supply numerous underground water, sewer, and storm utility products for the Project for the total fixed price of $178,479.77. A true copy of the parties' contract is attached hereto as **Exhibit A**.

7. As part of its contract, Fortiline was required to supply approximately 646 lineal feet of 54" reinforced concrete storm drainage pipe ("Storm Drainage Pipe") for the Project for the price of $76,415.44.

8.From September 7, 2017 through December 4, 2017, Fortiline supplied the Storm Drainage Pipe to the Project site.

9.Fortiline mailed approximately 16 separate invoices to Faulconer's Charlottesville, Virginia office in connection with its supply of the Storm Drainage Pipe. Fortiline's invoices were received by Faulconer's Charlottesville, Virginia office. True copies of Fortiline's invoices are attached hereto as **Exhibit B**.

10.In accordance with the parties' contract and Fortiline's invoices, Faulconer paid Fortiline $77,229.95 for its supply of the Storm Drainage Pipe. Payment was made from Faulconer's bank, which is located in Charlottesville, Virginia.

11.Pursuant to the terms of Fortiline's contract with Faulconer, Fortiline was required to supply Storm Drainage Pipe in accordance with the Project's plans and specifications.

12.Faulconer installed the Storm Drainage Pipe at the Project site. However, after installation, it was discovered that the Storm Drainage Pipe had numerous significant defects. The defects included radial tension failures, diagonal tension failures, flexural cracking, joint shearing, rebar shadowing, and slabbing which exposed the internal steel reinforcement in the pipe.

13.The significant defects in the Storm Drainage Pipe were acknowledged by the pipe manufacturer and an independent engineer.

14.An independent engineer concluded that the defects in the Storm Drainage Pipe were caused by the defective nature of the pipe itself or the manufacture of the pipe.

15.The significant nature of the defects in the Storm Drainage Pipe required that approximately 640 lineal feet of the Storm Drainage Pipe be removed and replaced. The Owner of the Project directed Faulconer to remove and replace the defective Storm Drainage Pipe.

16. On October 5, 2018, Faulconer notified Fortiline in writing that it was in default of its contract for supplying defective Storm Drainage Pipe for the Project. Faulconer notified Fortiline at that time that it would seek reimbursement for all damages and costs in having to remove and replace the defective Storm Drainage Pipe.

17. In accordance with the Owner's directive, Faulconer removed and replaced the defective Storm Drainage Pipe and tracked its costs. Faulconer completed its removal and replacement work on or about March 28, 2019.

18. Faulconer and the Owner incurred significant damages arising from Fortiline's supply of the defective Storm Drainage Pipe including, but not limited to, the cost to remove and replace the defective Storm Drainage Pipe, inspection of the pipe and rework, extended supervision, safety monitoring, and other additional work.

19. Pursuant to the terms of the parties' contract, Faulconer demanded that Fortiline reimburse and indemnify Faulconer for any and all damages arising from Fortiline's supply of the defective Storm Drainage Pipe. However, Fortiline has failed and refused to reimburse and indemnify Faulconer for any of the damages it has incurred.

20. Pursuant to Sections 11 and 15 of the parties' contract, Faulconer is entitled to recover all of its attorneys' fees and costs incurred due to Fortiline's defective performance, including its fees and costs incurred in this litigation.

21. Faulconer has complied with all terms and conditions of its contract with Fortiline.

22. All conditions precedent to bringing this lawsuit have been performed or have been waived.

## COUNT I – BREACH OF CONTRACT
### (*SUPPLY OF DEFECTIVE PIPE*)

23. Faulconer realleges paragraphs 1-22 above as if fully stated herein.

24. Pursuant to the terms of its contract with Faulconer, Fortiline had a duty to supply non-defective Storm Drainage Pipe to the Project in accordance the Project's plans and specifications.

25. Fortiline materially breached its contract with Faulconer by supplying defective Storm Drainage Pipe for the Project.

26. As a direct and proximate result of Fortiline's material breaches of its contract, Faulconer has been damaged in an amount to be determined at trial, but which to date is at least $1,440,900.00, plus pre-judgment interest, costs, and attorneys' fees.

## COUNT II – BREACH OF CONTRACT
### (*BREACH OF EXPRESS WARRANTIES*)

27. Faulconer realleges paragraphs 1-26 above as if fully stated herein.

28. Pursuant to the terms of its contract with Faulconer, Fortiline expressly warranted that the Storm Drainage Pipe for the Project would be free from defects, of the quality specified, fit and appropriate for the purpose intended, conform to the Project's plans and specifications, and complete in all respects necessary to make the materials fully functional.

29. Fortiline materially breached its contract with Faulconer by supplying Storm Drainage Pipe for the Project which failed to comply with its express warranties.

30. As a direct and proximate result of Fortiline's material breaches of its contract, Faulconer has been damaged in an amount to be determined at trial, but which to date is at least $1,440,900.43, plus pre-judgment interest, costs, and attorneys' fees.

## COUNT III – BREACH OF CONTRACT
### (*INDEMNITY*)

31. Faulconer realleges paragraphs 1-30 above as if fully stated herein.

32. Pursuant to the terms of its contract with Faulconer, Fortiline agreed to indemnify, hold harmless and defend Faulconer and the Owner against any and all losses, damages, liabilities, attorneys' fees and expert fees arising out of Fortiline's non-performance of its contract with Faulconer.

33. Fortiline materially breached its contract with Faulconer by failing and refusing to indemnify Faulconer, and hold it harmless, from all damages arising from Fortiline's supply of defective Storm Drainage Pipe for the Project.

34. As a direct and proximate result of Fortiline's material breaches of its contract, Faulconer has been damaged in an amount to be determined at trial, but which to date is at least $1,440,900.00, plus pre-judgment interest, costs, and attorneys' fees.

## COUNT IV – BREACH OF CONTRACT
### (*BREACH OF IMPLIED WARRANTIES*)

35. Faulconer realleges paragraphs 1-34 above as if fully stated herein.

36. At the time of contracting with Faulconer, Fortiline had reason to know of the particular purpose for which the Storm Drainage Pipe was required, and that Faulconer was relying upon Fortiline to furnish suitable pipe.

37. Pursuant to the terms of its contract with Faulconer, Fortiline impliedly warranted that the Storm Drainage Pipe it supplied for the Project would be fit for its intended purpose.

38. Fortiline materially breached its contract with Faulconer by supplying Storm Drainage Pipe for the Project which failed to comply with its implied warranties.

39. As a direct and proximate result of Fortiline's material breaches of its contract, Faulconer has been damaged in an amount to be determined at trial, but which to date is at least $1,440,900.00, plus pre-judgment interest, costs, and attorneys' fees.

WHEREFORE, Faulconer Construction Company, Inc. prays that the Court:

1. Award a judgment in favor of Faulconer and against Fortiline, Inc., d/b/a Fortiline Waterworks, in an amount to be determined at trial which, as set forth in the above Claims, is not less than $1,440,900.00;

2. Award Faulconer its pre-judgment interest, costs and attorneys' fees; and

3. Grant such other and further relief as it deems proper.

This the 12th day of July 2019.

FAULCONER CONSTRUCTION COMPANY, INC.

BY:    /s/   Brad C. Friend
Brad C. Friend
Virginia State Bar #65462
KRAFTSON CAUDLE
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
Telephone: (703) 873-5507
Facsimile: (703) 873-5519
Email: bfriend@kraftsoncaudle.com.com

*Counsel for Faulconer Construction Company, Inc.*